Case No. 21-55827

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Carl Haynes,                          9ᵗʰ Cir. Case No. 21-55827

        Appellant,                USDC Case No,
   vs.                               15-CV-01038-CAB-JLB

Home Depot U.S.A. Inc.,

        Respondent.

APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN CALIFORNIA

APPELLANT'S REPLY  BRIEF

FOR THE APPELLANT:

Kevin Mirch SBN 106973
Marie Mirch SBN 200833
1180 Rosecrans Street #104-552
San Diego, CA 92106
(619) 501-6220

## <u>TABLE OF CONTENTS</u>

I    SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    a.    Fundamental fairness standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    b.    Errors on Motions  in Limine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            1.    Motion In Limine 1  . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            2.    Motions in Limine 2 and 3 . . . . . . . . . . . . . . . . . . . . . . 3

    c.    The USDC erred in  admitting Exhibit 625 and allowing Courtney Korkow to testify . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          1.    Exhibit 625 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          2.     Haynes Objected to Korkow  . . . . . . . . . . . . . . . . . . . . . . . . . 4

    d.    The USDC erred in allowing HD to present affirmative defenses not asserted in the Pretrial Order , Proposed Jury Instructions or Proposed verdict Forms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            1.    Pretrial Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            2.    Proposed Jury Instructions . . . . . . . . . . . . . . . . . . . . . . 12

            3.    Special Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    e.    The verdict form is inconsistent. . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    f.    Time Limits on trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

g.      Summary Judgment on issue of punitive damages . . . . . . . . . . . . . . 22

h.      Haynes did not waive the arguments raised in this appeal.. . . . . . . . 23

       1.      Haynes did not waive his objection to the time limits on trial 24

       2.      Haynes did not waive his objection to Korkow's testimony and the admission of the summary spreadsheet. . . . . . . . . . . . . . 24

       3.      Haynes did not waive his right to a jury trial on HD's affirmative defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

       4.      Haynes did not waive the inconsistent verdict . . . . . . . . . . . 27

III      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

STATEMENT OF RELATED CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . 30

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

# TABLE OF AUTHORITIES

<u>CASES</u>:

*Amerisourcebergen Corp. v. Dialysist West, Inc*., 445 F.3d 1132, 1135 n. 1 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Amarel v. Connell,* 102 F.3d 1494 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 21

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 823. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Clark v. City of Los Angeles* (9th Cir. 1981) 650 F.2d 1033, 1037 . . . . . . . . . . . 25

*Cruz v. HomeBase* (2000) 83 Cal.App.4th 160, 167-168. . . . . . . . . . . . . . . . . . 23

*El-Hakem v. BJY, Inc*., 415 F.3d 1068, 1077 (9th Cir. 2005) . . . . . . . . . . . . . . . 10

*Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 618 . . . . . 23

*Haynes v. Home Depot USA, Inc.* (9th Cir., Jan. 22, 2020, No. 16-55698) . 11, 12, 16, 29

*Home Indem. Co. v. Lane Powell Moss and Miller,* (9th Cir. 1995) 43 F.3d 1322 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*In re Murchison*, 349 U.S. 133, 136 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Insurance Group Comm. v. D. R.G.W. R.R.*,329 U.S. 607, 612, 67 S.Ct. 583, 585, 91 L.Ed. 547 (1947). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Jackson v. Feather River Water Co.,* 14 Cal.18, 24 (1859);. . . . . . . . . . . . . . . . 20

*Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1400 (Ct. App. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Koch v. Puckett,*(5th Cir. 1990) 907 F.2d 524 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Mathis v. Exxon Corp*. (5th Cir. 2002) 302 F.3d 448 . . . . . . . . . . . . . . . . . . . . . 24

*Moore v. Jas H. Matthews Co.,*682 F.2d 830, 833-35 (9th Cir. 1982) . . . . . . . . . 15

*Mueller v. J. C. Penney Co.*, 173 Cal.App.3d 713, 722 (1985). . . . . . . . . . . . . . 20

*Ollier v. Sweetwater Union High Sch. Dist*. (9th Cir. 2014) 768 F.3d 843, 861. . . 3

*Palmer v. Hoffman,*(1943) 318 U.S. 109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Phila. Indem. Ins. Co. v. Ohana Control Sys*. (D. Haw., Apr. 27, 2020, CIVIL No. 17-00435-SOM-RT) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Pierce v. Southern Pacific Trans. Co.,* (9th Cir. 1987) 823 F.2d 1366, . . . . 19, 27

*Prime Gas, Inc. v. City of Sacramento*, 184 Cal.App.4th 697, 710 (2010) . . . . . 20

*United States v. Bonallo,*(9th Cir. 1988) 858 F.2d 1427, 1435. . . . . . . . . . . . . . 25

*United States v. First Nat. Bank of Circle* (9th Cir. 1981) 652 F.2d 882 . . . . . . . 10

*United States v. Houser* (9th Cir. 1986) 804 F.2d 565 . . . . . . . . . . . . . . . . . . . . 15

*United States v. Sepulveda-Barraza*, (9th Cir. 2011) 645 F.3d 1066, 1070 . . . . . 25

*White v. Murtha,*377 F.2d 428, 431-32 (5th Cir. 1967) . . . . . . . . . . . . . . . . . . . 15

*White v. Ultramar* (1999) 21 Cal.4th 563 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Yeti by Molly Ltd. v. Deckers Outdoor Corp*. (9th Cir. 2001) 259 F.3d 1101. . . . . 3

*Zhang v. American Gem Seafoods, Inc*. (9th Cir. 2003) 339 F.3d 1020 . . . . . . . . 19

*Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) . . . . 10

STATUTES:

Ca. Civil Code, § 3294 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Cal. Gov't Code § 12960(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Gov't Code §12965(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

OTHER AUTHORITIES:

18 C. Wright, A. Miller E. Cooper, Federal Practice Procedure § 4478, at 788
(1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CACI 455 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Fed. R. Civ. P.  37(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 49(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Fed.R.Civ.P. 49(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Fed. R. Civ.P. 49(a)(3)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Fed.R.Civ.P. 54(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Evid. 102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14

Fed. R. Evid. 103(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 25

Fed. R. Evid. 1006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,9

# I

## SUMMARY OF ARGUMENT

The district court failed to follow the Federal Rules of Civil Procedure and Federal Rules of Evidence. The aggregate of errors committed by the USDC including allowance of undisclosed witnesses, restricting Haynes from calling witnesses who would have testified to the pattern of practice in Home Depot District 199, and admission of summary evidence without proper foundation and without providing and/or making available the underlying data in violation of Fed. R. Evid. 1006 was patently unfair and tainted the verdict. Haynes should be granted a new trial.

# II

## ARGUMENT

**a.** **Fundamental fairness standard.**

The rules of evidence are subject to a "fairness" standard. Fed. R. Evid. 102 provides:

> These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.

These proceedings were <u>not</u> fairly administered. The district court ("USDC) failed

to follow the rules of evidence and rules of civil procedure

**b.** **Errors on Motions in Limine**

**1.** **Motion In Limine 1**

Motion in Limine ("MIL") No. 1 sought to exclude witnesses that were not timely disclosed. 9-ER-1895. HD withdrew its Motion when it realized it had only timely disclosed two witnesses in its FRCP Rule 26 Disclosures on June 5, 2015 - Jeff Grooms and Chris Collins. 8-ER-1736-1737. Home Depot filed its Pretrial Disclosures on January 7, 2021 and added 15 additional witnesses, not previously disclosed. 8-ER-1821-1827. Later, HD surreptitiously added another undisclosed witness (Courtney Korkow) to an unapproved Proposed Joint Pretrial Order affixing Attorney Marie Mirch's name without her permission. 19-ER-4225-4274; 8-ER-1655. At the Motion in Limine hearing, HD stated an agreement had been reached on Rule 26 issues. That statement was false. 8-ER-1617:11-21.

While HD withdrew MIL 1, the USDC nonetheless abused its discretion relying on HD's representation that the parties had come to an agreement on the "Rule 26 issue". "If you are going to agree that you don't want the Court to impose the rules of Federal Civil Procedure here and exclude those witnesses, I will do it uniformly on both sides". 8-ER-1618:1-4. Hayne's counsel did not agree, yet the USDC still failed to follow the Federal Rules of Civil Procedure. 8-ER-1617:11-25,

1618:1-9.  A party that does not timely identify a witness under Rule 26 may not use that witness to supply evidence at a trial "unless the failure was substantially justified or is harmless." Ollier v. Sweetwater Union High Sch. Dist. (9th Cir. 2014) 768 F.3d 843, 861, FRCP37(c)(1); Yeti by Molly Ltd. v. Deckers Outdoor Corp. (9th Cir. 2001) 259 F.3d 1101 at 1105.  The rule is not discretionary.  Absent HD establishing it had substantial justification to fail to timely disclose its witnesses (which it was never called upon to do), the rules required the court to exclude the non-disclosed witnesses.  In the Joint Pretrial Order, Haynes objected to Home Depot calling any witnesses that were not timely disclosed as required by Rule 26, which was all of HD witnesses with the exception of Chris Collins and Jeff Grooms.  8-ER-1611:6-8, 14-17.

The USDC should not have allowed HD to call witnesses who had not been disclosed. Ollier v. Sweetwater Union High Sch. Dist., supra This included Courtney Korkow, who was not timely disclosed, never worked with Haynes or in District 199 at the time of Haynes' employment, never worked at the Santee store, and who admitted she knew nothing about how Home Depot maintains its business records, thus disqualifying her as a summary witness and custodian of records.

## 2. **MIL 2 and 3**

The USDC erred in excluding relevant witnesses, who were other Home Depot

employees from District 199, who were relevant to establish HD's pattern of wrongfully terminating its age protected associates, and the required number of hours all ASM's in the district were subject to in order to prove they were not exempt employees. The USDC limited Haynes to employees who had worked with him at the Santee store, despite the fact that there was a district-wide push to terminated older tenured employees, and required all ASMS to work at least 65 hours per week.

HD argues that the motions in limine were tentative. The Opening Brief quotes the USDC's rulings on these issues, and they were not tentative.

### c. The USDC erred in admitting Exhibit 625 and allowing Courtney Korkow to testify

#### 1. Exhibit 625.

In its opening brief, Haynes raises a number of appellate issues regarding the admission of Exhibit 625. HD's only argument in retort was that Haynes did not object to the admission. *Ans. Br. P. 47-50.* That is incorrect. Haynes not only objected to Exhibit 625, but also the witness that authenticated the same.

#### 2. Haynes Objected to Korkow

It is undisputed that HD had terminated a disproportionate number of "age protected" employees during 2012-2013. 18- ER-3926 - 3945, Interrogatories 5-23. In order to impeach its own interrogatory answers, HD surreptitiously listed Courtney

Korkow as an additional witness after discovery had ended. Haynes objected to Korkow as a witness which the USDC overruled. 8-ER-1567; 19-ER-4225-4274; 8-ER-1655. During trial, Korkow testified that she relied on written notes. 12-ER-2693:10. Korkow changed her testimony when confronted with leading questions from USDC. 13-ER-2738-TT 7/27/2021 16:10-21. Korkow's change in testimony resulted in the admission of Exhibit 625. *Id.*

As discussed above, HD failed to include Korkow in its witness disclosures or the [First] Proposed Joint Pretrial Order which was signed by Haynes' Attorney Marie Mirch. HD furtive submission of a [Second] Proposed Joint Pretrial order added Courtney Korkow as a witness and affixed the signature page from the [First] Proposed Joint Pretrial Order to the [Second] Proposed Joint Pretrial Order. 19-ER-4225-4274. Attorney Marie Mirch did not agree to the submission of the [Second] Proposed Joint Pretrial Order or to her signature being affixed to the same. 8-ER-1657:18-20 . USDC abused its discretion by executing the [Second] Proposed Joint Pretrial Order even while knowing that it improperly added Korkow as a witness and contained Attorney Marie Mirch's forged signature. 8-ER-1567. This is significant to this analysis as Korkow would later authenticate Exhibit 625. It was an abuse of discretion for USDC to sign the 2nd Proposed Joint Pretrial Order.

Plaintiff was allowed to take Korkow's deposition on May 11, 2021. During

5

her deposition, Korkow testified that she did not know Haynes; was not familiar with his case; had not reviewed any records regarding the same; and, did not know why she was listed as an HD witness. 19 -ER -4221: 6-15, 22-23; 19-ER-4222:9-15; 13-ER- 2870L25-2871:16.

At trial, Korkow changed her testimony. Korkow was HD's main witness providing detailed testimony that was contrary to her deposition. She authenticated a number of exhibits including Exhibit 625. Korkow had an epiphany answering a number of HD questions explaining why HD's age protected terminations were proper. 12-ER-2666:12-2689:10. Haynes objected and asked for the underlying documents that Korkow relied on in providing her testimony:

> ATTORNEY KEVIN MIRCH: Objection. Hearsay. If there's a document, I don't have an objection. If I could see that, what this document is that she says she accessed.
>
> 12-ER-2668:22-24.
>
> ...
> ATTORNEY KEVIN MIRCH: Objection. Same objection. May I have a continuing objection so I don't interrupt?
> THE COURT: Yes, you may. It's overruled.
>
> 12-ER-2669:12-15.

Korkow's testimony was allegedly derived from an HD's database. Korkow testified that she had personally reviewed on computer screens, taking handwritten

notes of what she saw. 12-ER-2672:18-20. After she made that admission, Haynes demanded the "handwritten" notes. 12-ER-2693:10-24. HD did not objection to providing Korkow's "written notes". 12-ER-2693:3-22. Fed. R. Evid. 612 mandated the production of the notes that Korkow relied upon in preparing for her trial testimony (e.g., the "handwritten notes"). Separate from the written notes, USDC ordered Korkow to provide any "raw" data she relied upon in providing her testimony. 12-ER-2712:22-25 - 2713:1.

The next day, Haynes was provided an Excel spread sheet instead of Korkow's handwritten notes or raw data. 13-ER 2725:725 - 2726:1. After objection, USDC agreed to allow Haynes to "examine" Korkow about Exhibit 625 prior to its admission. Haynes started that questioning, but was immediately interrupted by the USDC. The court then completed the questioning and sua sponte admitted Exhibit 625:

> THE COURT: All right. I want to get this admitted. And so, Ms. Korkow, I'd like you to just lay the foundation for this. This was -- the materials, the Home Depot records that you reviewed to provide your testimony yesterday; is that correct?
> THE WITNESS: Yes.
> THE COURT: And can you confirm for me that the spreadsheet that's on the screen right now, that's all of it? And you can page through that.
> THE WITNESS: Yes.
> THE COURT: The Court is going to admit this electronic version....

13-ER-2738:10-19.

Prior to this sua sponte admission of Exhibit 625, Haynes had objected:

> ATTORNEY KEVIN MIRCH: Yesterday the Court ordered that we be provided documents, I believe notes, at least some sort of documents from which we could determine, or at least access the testimony by Ms. Korkow or Michelson. And the documents we received -- I reviewed this morning, they were electronically sent last night, **they consist of very few documents that you cannot derive the numbers from which she stated from these documents.** There are no numbers on these documents. I think there's a little bit more backup than this. If there's not, **I would like to recall her and make this an exhibit and ask her where these numbers came from that she was testifying to. That's all I have.**

13-ER-2725:7-18.

> ATTORNEY MARIE MIRCH: **All I got was some Excel spreadsheets. None of the backup documentation, not the notes.**

> THE COURT: **I told them to provide the raw data which she made her notes from which would be the Excel spreadsheets** which were kept by the company to support the testimony she gave yesterday.

13-ER-2726:3-8.

This statement is troublesome as Excel spreadsheets had not been previously discussed.

Attorney Marie Mirch also objected to the "summary nature" of the documents provided:

> ATTORNEY MARIE MIRCH: From what I'm looking at, **I don't think that's the way that the company kept them**. **It looks like a summary she prepared. Maybe if you want to look at the Excel spreadsheet.**

13-ER-2726:9-12.

8

There had been no compliance with Fed. R. Evid. 1006. Contrary to HD's assertions in it Answering Brief, a Fed. R. Evid. 1006 objection had been made by Attorney Marie Mirch. The remedy for the FRE 1006 violation was to refuse admission of the exhibit and strike Korkow's testimony.

After the trial, Korkow admitted that she did not have the requisite knowledge to provide custodian of record testimony :

> THE WITNESS [KORKOW]: I don't know have any knowledge of how Home Depot stores its documents.
> ...
>
> Q     And I have to ask you this question because the documents relate back to prior time prior to today. So prior to today did you have any knowledge of how documents were maintained at Home Depot?
> A     No. I don't know how they were maintained. I know that they were scanned, but I don't know how they were maintained. [Emphasis added].

19 -ER -4217:2-23.

HD is mistaken when it states that Haynes failed to object to Korkow or Exhibit 625. There were repeated objections to Exhibit 625 and the witness that authenticated the same. Fed. R. Evid. 103(b) does not require repeated objections. None-the-less Haynes objected to the same and provided extensive explanation off the record for the same.

9

**d.    The USDC erred in allowing HD to present affirmative defenses not asserted in the Pretrial Order , Proposed Jury Instructions or Proposed verdict Forms.**

### 1.    Pretrial Order

"A pretrial order controls the subsequent course of the action unless modified `upon a 2 showing of good cause."' Amerisourcebergen Corp. v. Dialysist West, Inc., 445 F.3d 1132, 1135 n. 1 (9th Cir. 2006); Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). In the absence of good cause showing why the Final Pretrial Order should be modified, issues that are not included in the Final Pretrial Order have been waived. El-Hakem v. BJY, Inc., 415 F.3d 1068, 1077 (9th Cir. 2005). Accordingly, a party need offer no proof at trial as to matters agreed to in the order, nor may a party offer evidence or advance theories at the trial which are not included in the order or which contradict its terms. United States v. First Nat. Bank of Circle (9th Cir. 1981) 652 F.2d 882, 886.

On March 15, 2021, the Pretrial Order was entered. 8-ER-1567. HD identified it was pursuing the 7th, 14th, 16th and 18th affirmative defenses. 8-ER-1573. HD did not assert, but rather *reserved the right to assert* defenses "if the need arises" certain affirmative including: Statute of Limitations (2nd Defense); and Failure to Exhaust (3rd Defense).8-ER-1573. HD explained it "'reserved the right' because the claims were barred by the statute of limitations as a matter of law". *Answ. Brief at page 55*

10

*ftn 20.* This statement is in direct contradiction to this Court's holding that this was

an issue of fact as stated in its Memorandum in the Haynes I[1] appeal:

> An employee, however, must file a charge of unlawful age discrimination with the Department of Fair Employment and Housing within one year of the alleged unlawful employment discrimination. Cal. Gov't Code § 12960(d). That one-year period may be extended by ninety days if the employee "first obtained knowledge of the facts" of the age discrimination after the one-year expiration date. Id. § 12960(d)(1). Failing to comply with the timing requirements bars the plaintiff from filing suit. Id. §12965(b); Jumaane v. City of Los Angeles, 241 Cal. App. 4th 1390, 1400 (Ct. App. 2015).

> Haynes filed after the one-year deadline but argues that he satisfied the ninety-day extension. He maintains that he did not know he was terminated for his age until he met with an attorney during the ninety-day grace period and learned that "many other" assistant managers over forty were terminated. Haynes did not testify that he knew he was being discriminated against during the one-year limitations period or that assistant managers over forty were being targeted and terminated. In his deposition, Haynes testified that he thought, concluded, and had the opinion that the new supervisor was getting rid of him because of his age, but he did not testify that he knew it from any remarks or other cognizable evidence. His then unsupported opinion became knowledge when he learned of the pattern of age discriminatory terminations from his attorney. A potential pattern of discrimination against similarly situated employees constitutes "facts" that inform Haynes's own discharge. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996). Discovering this pattern may elevate a speculation or belief into a plausible claim. See Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1058 (2005) (reasoning that a plaintiff who "may not yet recognize [what is] part of a pattern of [discrimination]" should not be required to file suit based on conjecture alone to

---

[1] "Haynes I" refers to Haynes v. Home Depot USA, Inc. (9th Cir., Jan. 22, 2020, No. 16-55698).

"encourag[e] informal resolution of disputes and avoid[] premature lawsuits"). We therefore conclude that Haynes raised a triable issue of material fact whether the ninety-day extension applies to his claim.

Haynes v. Home Depot USA, Inc. (9th Cir., Jan. 22, 2020, No. 16-55698) p. 5.

HD had the burden to prove this affirmative defense as a matter of fact for the jury to decide. It offered no evidence whatsoever to meet this burden. HD's admission that it "reserved" the issue so it could be decided as a mater of law by the USDC confirms that HD did not intend to prove this affirmative defense to the jury. Yet, as discussed below, HD failed to offer a jury instruction or verdict question on these affirmative defenses until the eleventh hour, imposing severe prejudice on Haynes.

## 2. **Proposed Jury Instructions**

Counsel for the parties worked jointly to prepare joint jury instructions, and submitted them to the Court on July 8, 2021. 6-ER-1027-1166. Notably absent from these proposed instructions is any instruction relating to statute of limitations or exhaustion of administrative remedies. Further, Jury Instruction 1.5 identified the Claims and Defenses being asserted by the respective parties, and did not include these affirmative defenses:

> Defendant denies these claims and also contends that Plaintiff's job performance as an Assistant Store Manager resulted in his termination.
> Defendant further contends that Plaintiff was a salaried Assistant Store Manager who was expected to perform managerial duties and therefore was not eligible for overtime. The defendant has the burden

of proof on the affirmative defense of overtime.

6-ER-1029

HD offered instructions on its affirmative defenses of managerial exception for overtime (6-ER-1076), but there was instruction on of statute of limitations or exhaustion of administrative remedies.

Similarly, the parties submitted proposed jury verdicts. 6-ER-1167-1186. Neither party proposed any verdict questions related to the statute of limitations or failure to exhaust administrative remedies.   Id.  HD did not address the affirmative defenses of statute of limitations or failure to exhaust administrative remedies during either the review of the instructions on Wednesday July 28, 2021 or its argument on July 29, 2021.

Plaintiff was allotted 12 total hours to present his entire case.  He and his counsel planned the presentation of witnesses accordingly, relying on the Pretrial Order and the proposed instructions and verdict forms.  On the fourth day of trial, when Haynes had  a total of three hours remaining to present his case, HD presented for the first time an instruction on the failure to exhaust affirmative defense.  6-ER-1188. [2]

---

[2]  The trial transcript indicates that HD submitted the proposed jury instruction the afternoon of July 28, 2021, yet Plaintiff's counsel had not yet had a chance to review it, so the court tabled discussion until the 29th.  14-ER-3263:23-

Furthermore, on July 29, 2021, sua sponte from the bench, the Court raised the issue of the statue of limitations defense. 14-ER-3170:12- 176:7. The USDC drafted a jury instruction on delayed discovery, and a corresponding question on the verdict form. 6-ER-1190, 1192. The Court sent written copies of proposed jury instructions and verdict forms on Friday July 30, 2021 at 5:45 p.m., after Plaintiff had substantially concluded presenting his direct witnesses and had 30 minutes left. This violated Federal Rule of Evidence 102 as it did not administer the proceeding in fair manner.

The Exhaustion instruction offered by HD was not included in the USDC's instructions sent July 30, 2021, but the following "Delayed Discovery" instruction was included:

DELAYED DISCOVERY

> A plaintiff has reason to discover a cause of action when he has reason at least to suspect a factual basis for its elements. A plaintiff has reasons to suspect when he has notice or information of circumstances to put a reasonable person on inquiry to learn the facts necessary to bring the cause of action.
> (Citations)

6-ER-1190.

On August 1, 2021, Haynes filed a written objection to the USDC's proposed

---

24-28-2021:6-7.

"Delayed Discovery" jury instruction. 5-ER-1104-1121. Plaintiff objected to the late

addition of the statute of limitations and failure to exhaust affirmative defenses

because HD had specifically excluded them from the pretrial order. Further, it was

misleading and contradicted the law of the case on this issue as set forth by the Ninth

Circuit in Haynes v. Home Depot,U.S.A., Inc., supra.

> The term "law of the case " applies to the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided. 18 C. Wright, A. Miller E. Cooper, Federal Practice Procedure § 4478, at 788 (1981). The legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court. All rulings of a trial court are "subject to revision at any time before the entry of judgment." Fed.R.Civ.P. 54(b). A trial court may not, however, reconsider a question decided by an appellate court. **"When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court**." Insurance Group Comm. v. D. R.G.W. R.R.,329 U.S. 607, 612, 67 S.Ct. 583, 585, 91 L.Ed. 547 (1947). See Moore v. Jas H. Matthews Co.,682 F.2d 830, 833-35 (9th Cir. 1982) (quoting White v. Murtha,377 F.2d 428, 431-32 (5th Cir. 1967) (a district court must follow the decision of a reviewing court on a legal issue in the case)). Upon remand, an issue decided by an appellate court may not be reconsidered.

United States v. Houser (9th Cir. 1986) 804 F.2d 565, 567.

The Circuit Court ruled that Mr. Haynes' opinion was not enough to trigger the

statute of limitations because it did not constitute facts. It became knowledge when

he learned of the pattern of age discriminatory terminations from his attorney.

Haynes objected to untimely resurrection of the statute of limitations defense, and

offered an alternative instruction based on CACI 455 and the *Haynes* appellate decision:

> CACI 455. Statute of Limitations - Delayed Discovery
>
> Mr. Haynes' claimed harm occurred on February 12, 2013. Mr. Haynes' lawsuit was still filed on time if Mr. Haynes proves that before February 12, 2014, he did not discover, and a reasonable and diligent investigation would not have disclosed, a factual basis for the elements required to bring an age discrimination claim. A potential pattern of discrimination against similarly situated employees may constitute "facts" that informed Haynes' related to his own discharge.
> CACI 455 modified
> *Haynes v. Home Depot USA, Inc*. (9th Cir., Jan. 22, 2020, No. 16-55698)

*6-ER-1195*

This is a correct statement of the law of this case. Yet the USDC ignored this ruling and applied "at least suspicion" standard.

A litigant is entitled to an instruction concerning its theory of the case if it is supported by evidence and law. In the present case, the USDC ignored the law of the case and sua sponte interjected the delayed discovery instruction. This was reversible error. Because Home Depot failed to mention either of these affirmative defenses in its opening statement, the Court should have ruled against Home Depot's belated attempts to raise the failure to exhaust defense on the fourth day of trial, and should not have sua sponte offered the delayed discovery instruction when HD had not asserted the statute of limitations defense.

16

### 3. __Special Verdict Form__

The error in the jury instructions carried over to the special verdict form that was offered by the USDC. As discussed above on July 29, 2021 the USDC sua sponte offered a jury instruction on delayed discovery, and a corresponding question on the verdict form. Haynes objected to proposed instruction as well as Verdict Form Number 2 on the age discrimination claim because it was misleading and in direct contradiction of the law of the case as defined by the Ninth Circuit Court of Appeals in the *Haynes I* appeal. 5-ER-1013. Specifically, Haynes objected to the following question on Verdict Form 2:

> 1. Did Carl Haynes have reason to at least suspect that he was wrongfully terminated because of his age by February 12, 2014?
> Answer: Yes or No _____

6-ER 1192.

This question was misleading and not in conformity with the law of the case on this issue. Haynes offered the following alternative question on the special verdict form:

> 1. Did Home Depot prove Carl Haynes knew of facts that would have caused a reasonable person to suspect that he was wrongfully terminated because of his age by February 12, 2014?
> Answer: Yes or No _____

6-ER-1200

This question was proper because not only did it correctly reflect the law of the case as set forth by this Court in *Haynes I*, it also correctly stated that it was HD's burden

17

of proof on this affirmative defense.    Ultimately, the USDC formulated  Question number 1 on the Verdict Form which asked: "Did Carl Haynes have notice or information of circumstances to put a reasonable person on inquiry to seek to learn the facts necessary to bring an age discrimination claim by February 12, 2014?"  *5-ER- 955*.

In the Answering Brief, HD incorrectly argues that Hayes should have put forth evidence to prove the affirmative defense, which is legally incorrect.   It also infers that Haynes' counsel did not object to the USDC's version.  *Ans Brief page 34*.  HD states" On the fifth [and last] day of trial, August 2, 2021, the USDC ruled that Haynes' trial testimony in court 'put exhaustion back on the table as an issue in the case... that question can go to a jury".  *Ans. Brief page 32*.  It was not Haynes' trial testimony that put the administrative exhaustion affirmative defense "back on the table", it was HD's late proffer of a proposed jury instruction that did.  Haynes only testified to the subject after it was apparent that the USDC was going to allow HD to resurrect this affirmative defense at the eleventh hour.

Contrary to HD's representation,  the jury instructions and language in the verdict form related to these affirmative defense was not "fine" with Haynes. Haynes' counsel argued her objection with the USDC. 14-ER-3569-3573.   The USDC stated that it was plaintiff's burden on the administrative exhaustion

affirmative defense. 14-ER-357:12-13. When the USDC made it clear it was not going to give the instructions offered by Haynes, and was going to use its own, it was not necessary for Haynes' counsel to continue her objection to preserve it for appeal, and counsel had no choice than to say "that's fine" as an acknowledgment that the USDC was going to give its version of the verdict form.

**e.** **The verdict form is inconsistent.**

HD claims that Haynes failed to preserve the issue of an inconsistent verdict for appeal because he failed to object before the jury was discharged. *Ans. Br. P. 11*. HD cites Home Indem. Co. v. Lane Powell Moss and Miller, (9th Cir. 1995) 43 F.3d 1322. This rule only applies to general verdicts under Fed.R.Civ.P. 49(b). A party is required to object to an inconsistent general, but not special, verdict before the jury is dismissed. Zhang v. American Gem Seafoods, Inc. (9th Cir. 2003) 339 F.3d 1020 at 1028-29. Pierce v. Southern Pacific Trans. Co., (9th Cir. 1987) 823 F.2d 1366, 1370("Special verdicts . . . are governed by Rule 49(a), which does not require objections before discharge of the jury.") Haynes did not waive the inconsistent verdict argument by failing to raise it before the jury was discharged.

Another grounds for a new trial was the inconsistency on verdict form 2 on the age discrimination/wrongful termination claim. It is inconsistent to for the jury to hold that Haynes had reason to suspect he was wrongfully terminated because of his

age, and then defy the instruction to stop and not answer any further questions and then find that age was not a motivating reason to terminate him. The answers are inconsistent and cannot be reconciled, which requires a new trial.

**f.**    **Time Limits on trial**

It is well-established that parties in civil proceedings have a right to confront and cross-examine witnesses. Jackson v. Feather River Water Co., 14 Cal.18, 24 (1859); Mueller v. J. C. Penney Co., 173 Cal.App.3d 713, 722 (1985); Prime Gas, Inc. v. City of Sacramento, 184 Cal.App.4th 697, 710 (2010). Haynes was denied substantive and procedural due process when the USDC imposed unreasonable time limitations. A similar wrongful termination case, Jenson v. Home Depot, Superior Court State of California Riverside County Case No. RIC 1512850, took over a month to try, from August 24, 2021 through September 27, 2021. 3-ER-511.

The USDC did not set reasonable time limits, and in so doing deprived Haynes his due process right to confront witnesses. Generally, time estimates based on the parties estimates in the joint pretrial statement are what is deemed to be reasonable. Phila. Indem. Ins. Co. v. Ohana Control Sys (D. Haw., Apr. 27, 2020, CIVIL No. 17-00435-SOM-RT). The USDC ignored Haynes' estimate that 7-8 days were necessary for trial, and imposed a rigid 12 hour limit per side. At the end, the USDC did allow Haynes an extra hour for closing, but this was too little too late.

The USDC cites the case of <u>Amarel v. Connell</u>, 102 F.3d 1494 (9th Cir. 1996) to support its ruling that its time limits were reasonable. 1-ER-4. In <u>Amaerel</u>, the plaintiff estimated he would need four weeks to put on the liability portion of the case. The court allowed a six week trial with 46 hours per side, which was close to plaintiff's request. Here, the allotted 12 hours was no where near Haynes' request for a 7-8 day trial. Assuming trial would be held from 9 am to 4 p.m. with an hour lunch, that would have been approximately 6 hours per day, which would have been 42-54 hours total for trial, giving each side at least double the time to present his case. The Court knew the number of witnesses and exhibits identified by the parties, yet allocated only 5 days for trial, and then restricted each side to 12 hours total, which is roughly 30 minutes per primary witness. It was futile to ask the Court again for any more time as it was made very clear it was not going to be granted. The Court outright told Plaintiff, "You will not be getting additional time". 13-ER-2992:9-16.

Haynes did not squander his time on irrelevant or collateral issues. For example, Home Depot criticizes the time that was spent examining Courtney Korkow. Ms. Korkow was not initially identified as a witness. Home Depot added her at the last minute, and the Court allowed her deposition in May, 2021. At that time she testified she know nothing about Carl Haynes or the issues in this case. However, less than two months later she came to court and recited statistical information that

she had obtained from a document that she had created for trial. As discussed in detail in the Opening Brief, this was improper. What should have been a ten minute witness turned into a day and a half because Home Depot did not disclose the document or the information which Ms. Korkow testified.

In In re Murchison, 349 U.S. 133, 136 (1955) the United States Supreme Court stated that "[a] fair trial in a fair tribunal is a basic requirement of due process" and that, to be considered "fair," "justice must satisfy the appearance of justice". A time limit can be so strict and arbitrary that its imposition constitutes a violation of due process. Id.

Cutting trial time down the middle is patently unfair because the plaintiff has the burden of proof and must produce more evidence to prevail. The plaintiff has to prove all elements of each claim, while all the defense had to do was disprove one of them. The USDC abused its discretion in establishing draconian time limits for trial. The time limits imposed here were unreasonable based on the number of witnesses, exhibits and parties' estimates. In his motion for new trial, Haynes set forth the evidence that was not included at trial because of the time constraints. 3-ER-568-587. A new trial is necessary to prevent a miscarriage of justice.

**g.  Summary Judgment on issue of punitive damages**

HD argues that summary judgment was proper on the issue of punitive

damages because Collins and Grooms were not officers, directors or managing agents for the corporation and did not act with oppression, fraud or malice. See, Civil Code, § 3294. A managing agent is one who exercises "substantial discretionary authority over significant aspects of a corporation's business." White v. Ultramar (1999) 21 Cal.4th 563, 577; Cruz v. HomeBase (2000) 83 Cal.App.4th 160, 167-168. Collins was the Store Manager and oversaw over 200 employees, while Grooms oversaw the entire district. Collins and Grooms set their own procedures for hiring, documenting time and attendance violations, and administering performance notices. This created a triable issue of fact as to whether Collins and or Grooms were managing agents. Further, the evidence regarding discrimination also raised an issue of fact as to malice. Discrimination in the workplace, by its very nature, is outrageous conduct as it exceeds all bounds of decency usually tolerated by a decent society. Fisher v. San Pedro Peninsula Hospital (1989) 214 Cal.App.3d 590, 618; see also, Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund (2001) 24 Cal.4th 800, 823. Consequently, summary adjudication of the claim for punitive damages should have been denied.

**h.**    **Haynes did not waive the arguments raised in this appeal.**

Throughout out its Answering Brief, Home Depot argues that Haynes waived arguments presented in this appeal such as the testimony of Courtney Korkow, the

admission of Exhibit 625, and the time limits on trial by failing to object. This is not true.

### 1. Haynes did not waive his objection to the time limits on trial

Haynes presented his position on the time limits on trial in the Pretrial Order when he designated that 7- 8 days would be necessary to try the case. 8-ER-1613. The USDC allotted 12 hours. *Id.* Any further objection to the time limit would have been futile. Trial counsel is not required to make futile objections. <u>Koch v. Puckett,</u>(5th Cir. 1990) 907 F.2d 524, 527. A "pre-trial objection is sufficient to preserve the error for appellate review." <u>Mathis v. Exxon Corp</u>. (5th Cir. 2002) 302 F.3d 448.

### 2. Haynes did not waive his objection to Korkow's testimony and the admission of the summary spreadsheet.

There is no dispute that Haynes objected to HD calling Ms. Korkow as a witness and to her testimony. Haynes also objected to the spreadsheet on the discharged employees as hearsay not subject to the business record exception. Haynes asserted a hearsay objection to Ms. Korkow's testimony about the information derived from the Tezzerac data. 12-ER-2668:22-24. HD complains that Haynes failed to object when the USDC admitted Exhibit 625. A renewed objection at trial is no longer required to preserve error. Federal Rule of Evidence 103(a). When the district court "makes a definitive ruling" at trial, there is no need to renew

the objection to preserve the claim. <u>United States v. Sepulveda-Barraza,</u> (9th Cir. 2011) 645 F.3d 1066, 1070; see also Fed. R. Evid. 103(b).

The USDC admitted Exhibit 625, which was the spreadsheet prepared from the Tezzerac data. HD never produced the underlying raw data, but the USDC accepted the summary spreadsheet and sua sponte questioned Ms. Korkow to lay foundation for its admission. 13-ER-2738:10-21.

The spreadsheet did not qualify as a business record. In the Ninth Circuit, a business record is admissible when (1) it is made or based on information transmitted by a person with knowledge at or near the time of the transaction; (2) in the ordinary course of business; and (3) is trustworthy, with neither the source of information nor method or circumstances of preparation indicating a lack of trustworthiness. <u>United States v. Bonallo,</u>(9th Cir. 1988) 858 F.2d 1427, 1435. Exhibit 625 does not satisfy any of the elements required to qualify it as a business record. The spreadsheet was prepared for purposes of litigation. A document prepared for purposes of litigation is not a business record because it is lacking in trustworthiness. <u>Clark v. City of Los Angeles</u> (9th Cir. 1981) 650 F.2d 1033, 1037; <u>Palmer v. Hoffman,</u>(1943) 318 U.S. 109.

**3.** **<u>Haynes did not waive his right to a jury trial on HD's affirmative defense</u>**

HD also claims that Haynes waived his right to a jury trial on the statute of

limitations and administrative exhaustion affirmative defenses because he did not offer any jury instructions on the same. *Ans . Br. Page 32*. HD relies on Fed. R. Civ.P. 49(a)(3) and argues that because Haynes did not proffer any jury instruction on HD's affirmative defenses, he waived his right to have jury decide them . The same argument could be made with respect to HD. HD did not include these affirmative defense in the issues to be tried identified in the pretrial order. Thus Haynes had no obligation to offer jury instructions to preserve his right to a jury to decide those issues. On the other hand, HD affirmatively did not include these affirmative defenses in the pretrial order, and did not offer proposed instructions. HD counsel confirms it did not intend to present the statute of limitations defense to the jury"We will be raising the statute of limitations argument through a Rule 50 motion because I don't think there is any dispute the case was filed a day late". 14-ER-3264:2-7. HD *never* filed any proposed jury instructions other than those submitted with the joint set. HD cites to documents identified in its Supplemental Excepts which were not filed. Supp Excerpt Pages 40-97 should be stricken as they are not part of the record below. Haynes offered jury instructions before the matter was submitted to the jury when it was apparent that the USDC was asserting statute of limitations affirmative defense on HD's behalf by sua sponte offering an instruction. Haynes filed the instructions as exhibits to his objections. 6-ER-1026-1204. Haynes

did not waive his right to a jury trial on any issues of fact.   It was HD who chose to reserve them and to forego a jury trial on the statute of limitations defense in favor of a Rule 50 motion.    This is additional proof that the USDC abused its discretion by sua sponte offering jury instructions in support of HD's affirmative defense.

### 4. <u>Haynes did not waive the inconsistent verdict</u>

HD claims that Haynes failed to preserve the issue of an inconsistent verdict for appeal because he failed to object before the jury was discharged. *Ans. Br. P. 11.* As discussed above, this rule does not apply to special verdicts. <u>Pierce v. Southern Pacific Trans. Co., supra.</u> Haynes did not waive the inconsistent verdict argument by failing to raise it before the jury was discharged.

### III

### CONCLUSION

Here, the USDC abused its discretion when it refused to follow the Federal Rules of Civil Procedure by allowing  Home Depot to call witnesses who it had not disclosed, allowed Courtney Korkow to recite statistics she had memorized from a summary report, and then admitting the summary report over Hayne's hearsay objection.  The summary spreadsheet should not have been admitted as a business record because it was a document prepared for this litigation. This conduct, along with the improper jury instructions and verdict form on the statute of limitations

tainted the jury's verdict and prejudiced Haynes.

The USDC also abused its discretion by imposing a 12 hour time constraint on Haynes to present his entire case. The USDC's errors tainted the jury's verdict. For the reasons set forth in the Opening and reply Brief, Haynes respectfully requests that the Court reverse and remand this case for re-trial.

Dated November 3, 2022

BY <u>/s/ Marie Mirch</u>
Marie Mirch
Attorney for Appellant

## STATEMENT OF RELATED CASES

*Haynes v. Home Depot USA, Inc*. (9th Cir., Jan. 22, 2020, No. 16-55698)

## CORPORATE DISCLOSURE STATEMENT

None.

CERTIFICATE OF COMPLIANCE

Pursuant to FRAP 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the

opening brief is proportionately spaced, has a typeface of 14 points or more and

contains 6616 words.

DATED November 3, 2022

> BY /s/ Marie Mirch
> Marie Mirch
> Attorney for Appellants

CERTIFICATE OF E-SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for

the United States Court of Appeals for the Ninth Circuit by using the appellate

CM/ECF system on November 3, 2022 I certify that all participants in the case are

registered CM/ECF users and that service will be accomplished by the appellate

CM/ECF system.

Executed on November 3, 2022 at San Diego, California.

Signature: /s/ Marie Mirch
Marie Mirch