No. 21-55827

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CARL HAYNES,

*Appellant*

v.

HOME DEPOT U.S.A. INC.

*Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

CASE NO. 15-cv-01038-CAB-JLB

**RESPONSE OF APPELLEE
HOME DEPOT U.S.A., INC. TO APPELLANT CARL
HAYNES' MOTION TO SUPPLEMENT RECORD ON
APPEAL TO INCLUDE POST-TRIAL DEPOSITION
EXCERPTS OF COURTNEY KORKOW AND MOTION TO
STRIKE THE POST-TRIAL DEPOSITION EXCERPTS OF
COURTNEY KORKOW**

MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller
John D. Hayashi
David J. Rashe
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Telephone: 714.830.0600
Facsimile: 714.830.0700
barbara.miller@morganlewis.com
john.hayashi@morganlewis.com
david.rashe@morganlewis.com

*Attorneys for Appellee*
HOME DEPOT U.S.A., INC.

## TABLE OF CONTENTS

Page(s)

INTRODUCTION ..................................................................................................4

FACTS ..................................................................................................................5

LEGAL STANDARD............................................................................................7

I. THE RECORD ON APPEAL IS LIMITED TO MATTERS
PRESENTED TO THE DISTRICT COURT .......................................................8

II. THE RECORD ON APPEAL MAY BE SUPPLEMENTED
ONLY IN VERY LIMITED CIRCUMSTANCES NOT PRESENT
HERE ..................................................................................................................11

   A. Haynes Does Not Appeal From an Unsuccessful Habeas
      Corpus Petition ..................................................................................13

   B. Mootness Is Not an Issue on Appeal and this Court's
      Jurisdiction Is Unquestioned .............................................................14

CONCLUSION....................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arizonians for Official English v. Arizona*,
    520 U.S. 43 (1997) ................................................................................ 14, 15

*Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*,
    289 F.3d 589 (9th Cir. 2002) ..................................................................... 6, 7

*Bobby Fisher v. Home Depot, U.S.A., Inc.*,
    San Diego Superior Court Case No. 37-2020-0000056-CU-WT-
    CTL. 19-ER-4210 ............................................................................. 7, 11, 16

*Dickerson v. Alabama*,
    667 F.2d 1364 (11th Cir. 1982) ................................................................ 12, 13

*In re Esterlina Vineyards & Winery, LLC*,
    781 F. App'x 680 (9th Cir. 2019) (unpublished memorandum
    opinion) ......................................................................................................... 10

*Kirshner v. Uniden Corp. of America*,
    842 F.2d 1074 (9th Cir. 1988) ................................................................... 7, 10

*Lowry v. Barnhart*,
    329 F.3d 1019 (9th Cir. 2003) ............................................................... *passim*

*Monotype Corp. PLC v. Int'l Typeface Corp.*,
    43 F.3d 443 (9th Cir. 1994) ........................................................................... 10

*Morgan v. Safeway Stores, Inc.*,
    884 F.2d 1211 (9th Cir. 1989) ....................................................................... 16

*Morrison v. Hall*,
    261 F.3d 896 (9th Cir. 2001) ........................................................................... 8

*Ramirez v. Galaza*,
    334 F.3d 850 (9th Cir. 2003) ......................................................................... 16

*Redlin v. United States*,
    921 F.3d 1133 (9th Cir. 2019) ......................................................................... 9

*Ross v. Kemp*,
    785 F.2d 1467 (11th Cir. 1986) ....................................................................... 12, 13

*Rudin v. Myles*,
    781 F.3d 1043 (9th Cir. 2014) ................................................................................ 12

*Townsend v. Columbia Operations*,
    667 F.2d 844 (9th Cir. 1982) ................................................................................... 8

*U.S. v. Walker*,
    601 F.2d 1051 (9th Cir. 1979) ............................................................................ 8, 10

*Vargas v. Howell*,
    949 F.3d 1188 (9th Cir. 2020) .................................................................................. 8

*Youngevity Int'l Corp. v. Andreoli*,
    749 F. App'x 634 (9th Cir. 2019) (unpublished memorandum
    decision) .................................................................................................................. 10

**Statutes**

28 U.S.C. § 2254(a) ...................................................................................................... 13

## INTRODUCTION

In connection with his appeal of the jury's verdict finding Appellant Carl Haynes ("Haynes") failed to prove that Appellee Home Depot U.S.A., Inc. ("Home Depot") unlawfully terminated him due to his age or failed to pay him overtime, Haynes belatedly asks this Court to "supplement" the record on appeal to include excerpts from a deposition of trial witness Courtney Korkow taken **in a separate action eight months after the jury reached its verdict.** The deposition testimony that did not exist at the time of trial concerns a different time period, different subject matter, and different employees. Haynes's effort for a trial do-over by offering deposition answers to questions never posed at trial cannot stand. It is wholly improper and cannot possibly demonstrate the District Court committed reversible error on any evidentiary ruling based on the testimony presented at trial. Moreover, Haynes brings this motion only after he first unilaterally and improperly presented Korkow's deposition testimony to this Court with his original designation of the record on appeal. Home Depot respectfully requests this Court to deny Haynes' motion and moves for an order striking Korkow's post-trial deposition testimony included by Haynes in the Excerpts of Record filed with the Court at Volume 19, pages 4210-4219.

## FACTS

The trial of this action took place between July 26, 2021 and August 2, 2021. 3-ER-565-66; HDSER-136-37. Haynes called Courtney Korkow as his first witness at trial. *See id.*; 12-ER-2623:10-13. Korkow testified that she was knowledgeable about certain data that she had used to prepare for her testimony. 12-ER-2635:16-25. Haynes asked Korkow what the data was that she reviewed, and Korkow testified that she reviewed data about how many assistant managers were terminated between 2011 and 2013, their ages, and why they were terminated. 12-ER-2635:16-2636:4. Haynes did not ask Korkow for further explanation of the data she reviewed, her knowledge of how the data was maintained by Home Depot, or her process for reviewing that data.

Home Depot then conducted its examination of Korkow. She stated that in her role as regional human resources director, she had access to historical employee data for employees who worked in Home Depot's district 199 and at the Home Depot store in Santee, California, from 2010 to 2013. 12-ER-2666:8-15. Korkow further testified that, during the period from 2010 to 2013, Home Depot kept employee demographic information about employees who worked in District 199 in an IBM platform called Tesseract.[1] 12-ER-2666:16-21. She also testified as

---

[1] "Tesseract" is misspelled in the transcripts as "Tezzaarac" and "Tezzarac."

to how employee data was input into Tesseract (by managers or employees themselves) and the types of information Home Depot stored in Tesseract, such as birth date, salary, store number where an employee worked, location of a store within a district, employee emergency contacts, and reasons for employment termination. 12-ER-2666:22-2668:11. Korkow proceeded to testify about the information she knew based on her review of the employee demographic data stored in Tesseract. 12-ER-2668 *et seq.* Haynes had the opportunity to cross examine Korkow regarding this data in detail. Korkow did not testify about "documents" or how Home Depot stored "documents" such as performance reviews.

Haynes then sought, and the District Court ordered, production of the employee demographic data from the Tesseract database that Korkow had reviewed for her testimony. 12-ER-2712:2-2713:1; *see also* Answering Brief at 47 (demonstrating the District Court did not order the production of Korkow's notes). Home Depot produced the raw data from the Tesseract database to Plaintiff the evening after the first day of trial which output to an Excel format both in its native Excel format and in a printed document. 13-ER-2725:7-2726:4; 13-ER-2737:10-13. The data from the Tesseract database was admitted into evidence on the second day of trial after Haynes' counsel stated, "I would like to recall [Korkow] and make this an exhibit and ask her where these numbers came from that she was

testifying to." 13-ER-2725:16-18; 13-ER-2738:6-2739:8. Haynes then examined Korkow extensively about the data. 13-ER-2740:4-2752:24.

On March 23, 2022, long after the Haynes trial concluded, Korkow testified at deposition in a separate action entitled *Bobby Fisher v. Home Depot, U.S.A., Inc.*, San Diego Superior Court Case No. 37-2020-0000056-CU-WT-CTL. 19-ER-4210 *et seq*. The subject deposition testimony concerned "the number of labor hours per store" for the period of time from April 2014 to February 2016. 19-ER-4211:2-4212:25. The subject testimony also concerned Home Depot's use of a different software platform, the PeopleSoft program (not the Tesseract program). 19-ER-4214:4-10. Finally, testimony on page 68 of the proffered testimony, makes clear that it is about testimony on page 67 which Haynes has omitted. *See* 19-ER-4217. But, Plaintiff fails to provide this necessary information entirely. Context shows that Korkow was questioned about documents, such as signed performance reviews, not employee demographic data in the Tesseract database.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 10(a) defines the scope of the available record on appeal. "Papers not filed with the district court or admitted into evidence by that court are not part of the record on appeal." *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 594 (9th Cir. 2002) (quoting *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir. 1988)). The record

"reflects what *actually* occurred in the district court." *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982) (emphasis added). Relying on documents on appeal that "have never before seen the light of courtroom day" is "a particularly serious violation" of the Ninth Circuit's rules. *Lowry v. Barnhart*, 329 F.3d 1019, 1025 (9th Cir. 2003); *see also* 9th Cir. R. 30-1; *Barcamerica Int'l USA Tr.*, 289 F.3d at 595 (finding deposition transcripts that were merely lodged, and not filed, with the district court are not properly included in the record on appeal).

Federal Rule of Appellate Procedure 10(e) governs the procedures for correcting or modifying the record on appeal. Although the Court may supplement the record upon a party's motion or formal request, *Lowry*, 329 F.3d at 1024-25, a party generally may not add to or enlarge the record on appeal to include material that was not before the district court. *Morrison v. Hall*, 261 F.3d 896, 900 n.4 (9th Cir. 2001); *see also U.S. v. Walker*, 601 F.2d 1051, 1054 (9th Cir. 1979) ("Rule 10(e) [of the Federal Rules of Appellate Procedure] cannot be used to add to or enlarge the record on appeal to include material which was not before the district court.").

**ARGUMENT**

**I.  THE RECORD ON APPEAL IS LIMITED TO MATTERS PRESENTED TO THE DISTRICT COURT**

Matters not presented to the District Court are not properly part of the record on appeal. *Barcamerica Int'l USA Tr.*, 289 F.3d at 594; *see also Vargas v. Howell*, 949 F.3d 1188, 1198 (9th Cir. 2020) (declining to depart from the "general rule"

that documents not before the district court are not part of the record on appeal); *Redlin v. United States*, 921 F.3d 1133, 1137 n.5 (9th Cir. 2019) (refraining from considering evidence as part of the record on appeal, in part, because it was not presented to the district court). This Circuit explained the reason for this rule in *Lowry*:

> Save in unusual circumstances, we consider only the district court record on appeal. *See Barilla v. Ervin*, 886 F.2d 1514, 1521 n. 7 (9th Cir. 1989). Federal Rule of Appellate Procedure 10(a) explains which materials constitute the record. Fed. R.App. P. 10(a). And Circuit Rule 30–1 provides that the appellant (and, if necessary, the appellee) shall prepare "excerpts" of that record. See 9th Cir. R. 30–1.1(a). The rather obvious implication is that the "excerpts of record" are just that: "excerpts" of the "record."
>
> This limitation is fundamental. As a court of appeals, we lack the means to authenticate documents submitted to us, so we must be able to assume that documents designated part of the record actually are part of the record. To be sure, the fact that a document is filed in the district court doesn't resolve all questions of authenticity, but it does ensure that both opposing counsel and the district court are aware of it at a time when disputes over authenticity can be properly resolved. Litigants who disregard this process impair our ability to perform our appellate function.

*Lowry*, 329 F.3d at 1024.

Application of this basic rule is particularly important here because Haynes' appeal challenges the District Court's evidentiary rulings permitting Korkow's trial testimony and admitting the Tesseract data into evidence. "Evidentiary rulings by

9

a district court are not reversible absent clear abuse of discretion." *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 448 (9th Cir. 1994).

Korkow's later deposition testimony cannot aid this Court's review of the District Court's exercise of discretion on evidentiary rulings because the deposition testimony was never presented to the District Court (and could not have been since the deposition took place after the trial of this action) and could not have been a factor in the District Court's evidentiary rulings. *Kirshner*, 842 F.2d at 1077 (concluding a declaration that was not filed or submitted to the district court "is not part of the record on appeal and must be stricken."); *Walker*, 601 F.2d at 1055 ("We are here concerned only with the record before the trial judge when his decision was made."). The District Court cannot be said to have abused its discretion based on anything present in Korkow's deposition testimony, so supplementing the record with Korkow's deposition testimony serves no legitimate purpose on appeal.[2] *See Lowry*, 329 F.3d at 1025 (stating that the "appellate

---

[2] The Ninth Circuit has denied motions to supplement the record similar to that made by Haynes. *See, e.g.*, *In re Esterlina Vineyards & Winery, LLC*, 781 F. App'x 680, 681 (9th Cir. 2019) (unpublished memorandum opinion) (denying motion to supplement the record on appeal from an order of the bankruptcy court "to consider facts uncovered in the state court action after the bankruptcy proceedings ended" and noting supplementation is limited to "extraordinary cases"); *Youngevity Int'l Corp. v. Andreoli*, 749 F. App'x 634 n.1 (9th Cir. 2019) (unpublished memorandum decision) (denying motion to supplement the record on appeal with excerpts of a deposition not presented to the district court).

process is for addressing the legal issues a case presents, not for generating new evidence to parry an opponent's arguments").

Additionally, Home Depot notes that Haynes brings this motion after first unilaterally including Korkow's deposition testimony in his "Supplemental Excerpts of Record" and "Excerpts of Record" (Dkt. 17-1 & 19-20)[3] and *after* Home Depot identified this impropriety in its Answering brief. *See* Answering Brief at 37 & n.7. It is appropriate to strike materials that a party unilaterally includes in the record if those materials were not reviewed by the district court, and such conduct may warrant sanctions in appropriate circumstances to deter such conduct in the future. *Lowry*, 329 F.3d at 1024-26. Home Depot requests this Court to strike Korkow's post-trial deposition transcript from the Excerpts of Record, Volume 19, pages 4210-4219. *See* Fed. R. App. P. 27(a)(3)(B).

## II. THE RECORD ON APPEAL MAY BE SUPPLEMENTED ONLY IN VERY LIMITED CIRCUMSTANCES NOT PRESENT HERE

There are only very limited exceptions to the rule that the record on appeal must include only information presented to the trial court. In this Circuit, the record may be supplemented to correct inadvertent omissions of materials

---

[3] Haynes first improperly included the Korkow deposition transcript in a document he titled "Supplemental Excerpts of Record" filed on April 29, 2022. Dkt. No. 17-1. In this version, Korkow's deposition excerpts from the *Fisher* action were marked "SUPP ER" 4210-4219. Dkt. 17-1. Haynes improperly filed the transcript again on May 2, 2022, as part of his "Excerpts of Record." Dkt. 19-20. In this version, Korkow's deposition transcript was marked "19-ER" 4210-4219.

11

presented to the district court, which is not the case here. *Lowry*, 329 F.3d at 1024; *Ross v. Kemp*, 785 F.2d 1467, 1471-72 (11th Cir. 1986) (permitting deposition testimony omitted from the record by "error or accident" to become part of the record on appeal where those depositions were taken as part of the underlying action). This Court can also take judicial notice of items capable of being judicially noticed, *Lowry*, 329 F.3d at 1024, which is not at issue here. Finally, this Court can "exercise its inherent authority to supplement the record in extraordinary cases." *Id.* (citing *Dickerson v. Alabama*, 667 F.2d 1364, 1366-68 & n.5 (11th Cir. 1982)).

The motion asks the Court to "exercise its inherent authority and allow [Korkow's] deposition excerpt to be included in the record on appeal." Motion at 4. However, the motion does not provide a legal basis for the Court to exercise its powers to supplement the record. *See Rudin v. Myles*, 781 F.3d 1043, 1057 n.18 (9th Cir. 2014) (citing *Lowry*'s discussion of limited exceptions to rule against supplementation and denying motion where moving party provided "no compelling reason" to supplement the record on appeal). The only situations where this Circuit has allowed supplementation on extraordinary circumstances ground involve *habeas corpus* petitions along with situations that render a dispute moot and divest the court of jurisdiction. None of these circumstances exist in this case, and the request should be denied.

### A. Haynes Does Not Appeal From an Unsuccessful *Habeas Corpus* Petition

"Extraordinary" circumstances sometimes exist in the *habeas corpus* context. *See, e.g.*, *Dickerson*, 667 F.2d at 1366-68 (supplementing the record on appeal to include the trial transcript from the state court criminal proceeding the district court failed to consider in connection with the *habeas* petition); *Ross*, 785 F.2d at 1477 (supplementing record where petitioner's counsel relied on misrepresentations made by state officials and where the state could not explain differences between jury lists provided to different attorneys). In *habeas corpus* actions, federal appellate judges possess unique powers pursuant to 28 U.S.C. § 2254(a) that may permit supplementation. *Ross*, 785 F.2d at 1475 (citing *Dickerson*, 667 F.2d at 1367-68). Here, Haynes appeals from an adverse judgment in a civil action; this is not a *habeas* case and the important constitutional interests present in those cases are not present here.

Even if it were a *habeas* case, Haynes could not show that acceptance of the proffered material into the record would demonstrate "beyond any doubt" the proper resolution of the issue on appeal, *i.e.,* the District Court's evidentiary rulings permitting Korkow's trial testimony and admitting the Tesseract data into evidence. *Ross*, 785 F.2d at 1475 (citing *Dickerson*, 667 F.2d at 1367-68). This is because Korkow's trial testimony concerned employee demographic *data* stored in Tesseract pertaining to the period for 2010-2013 and how that data was input into

13

Tesseract by the employees themselves, a manager, or HR services. 12-ER-2666:22-2668:11. Conversely, it is apparent from the face of the *incomplete* excerpts made available by Haynes that Korkow's deposition testimony concerns how Home Depot stored *documents*, not data. The motion focuses on the testimony at page 68 of Korkow's deposition transcript (19-ER-4217), but omits the previous page providing context for the type of *documents* that were the subject of Korkow's testimony. Additionally, Haynes omits page 59 of Korkow's deposition transcript providing context for the scope of his counsel's questions concerning birth dates on page 60 of the deposition transcript (19-ER-4213). Accordingly, the partial excerpts from Korkow's post-trial deposition testimony do not establish "beyond any doubt" that Haynes' appeal of the District Court's evidentiary ruling permitting Korkow's trial testimony or admitting the Tesseract data into evidence should be resolved in his favor. Thus, even if this were a *habeas* petition (it obviously is not), the motion to supplement would be denied.

### B. Mootness Is Not an Issue on Appeal and this Court's Jurisdiction Is Unquestioned

A case presents "extraordinary" circumstances warranting supplementation of the record with "new facts" in order to permit the reviewing court to conduct a mootness analysis. *Lowry*, 329 F.3d at 1025 (citing *Arizonians for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997) for the proposition that the record must be supplemented "when developments render a controversy moot ***and*** thus divest [the

14

court] of jurisdiction"). The Supreme Court explained in *Arizonans for Official English* that the Constitution's "case or controversy" restriction on federal court jurisdiction requires an extant case or controversy at all stages of review. 520 U.S. at 67. Thus, it is not surprising that the record on appeal may be supplemented with information that would render a controversy moot "and thus divest" the court of jurisdiction. *Lowry*, 329 F.3d at 1025. Neither the motion nor this appeal raise any questions of mootness or the Court's jurisdiction. Accordingly, there is no basis to supplement the record on appeal with Korkow's post-trial deposition transcript.

Despite mootness not being an issue here, the motion miscites *Lowry* for the proposition that "unusual circumstances" that support supplementing the record with matters outside of what was presented to the district court include "later developments that could moot a controversy *or* divest the court of subject-matter jurisdiction." Motion at 3 (emphasis added) (citing *Lowry*, 329 F.3d at 1024). As quoted above, *Lowry* actually instructs that consideration of "new facts" is appropriate "when developments render a controversy moot *and* thus divest [the court] of jurisdiction." *Lowry*, 329 F.3d at 1025 (emphasis added). Regardless, deposition testimony obtained long after trial neither renders this appeal moot nor divests the court of jurisdiction.

15

The motion continues to miscite cases to this Court. The motion cites *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211 (9th Cir. 1989) for the proposition that "[p]arties to an appeal may supplement the record if there is a newly discovered fact or if it assists in clarifying the claims on appeal." Motion at 3 (citing *Morgan*, 884 F.2d at 1213). *Morgan* does not so hold, nor does it address or discuss the standard for supplementing the record on appeal. Rather, in *Morgan*, this Court summarily *rejected* a motion to supplement the record on appeal, finding that motion was without merit. *Morgan*, 884 F.2d at 1213. *Morgan*'s short analysis does not state that clarification of the claims on appeal is a reason to supplement the record on appeal. Moreover, it shows that "new evidence" does not support supplementation where the evidence could have been obtained earlier. Haynes makes no showing and offers no explanation for why he could not have asked Korkow to answer at trial the questions he asked of her during her deposition eight months later in the *Fisher* action (he obviously could have). Haynes may not raise new issues of fact on appeal that he failed to present to the District Court. *See Ramirez v. Galaza*, 334 F.3d 850, 859 n.6 (9th Cir. 2003) ("We have consistently held that a party may not raise new issues of fact on appeal after declining to present those facts before the trial court.").

Haynes fails to support his motion with reasoned argument supported by applicable legal authority and has therefore failed to establish that the Court should

16

permit him to supplement the record on appeal with Korkow's unrelated deposition testimony.

## CONCLUSION

Haynes' motion should be denied and the Court should strike Korkow's post-trial deposition testimony from the record.

Dated: November 14, 2022     Respectfully submitted,

MORGAN LEWIS & BOCKIUS

/s/ *Barbara J. Miller*
Barbara J. Miller

*Attorneys for Appellee*
Home Depot U.S.A., Inc.

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,177 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

Undersigned counsel further certifies that this response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this response has been prepared in a proportionally spaced 14-point Times New Roman typeface using Microsoft Word 2010.

                                                        /s/ *Barbara J. Miller*
                                                        Barbara J. Miller